ORIGINAL

1  THOMAS F. KUMMER
   Nevada Bar No. 1200
2  CHRISTOPHER R. MILTENBERGER
   Nevada Bar No. 10153
3  KUMMER KAEMPFER BONNER RENSHAW & FERRARIO
   3800 Howard Hughes Parkway, Seventh Floor
4  Las Vegas, Nevada 89169
   Telephone:  (702) 792-7000
5  Fax:         (702) 796-7181
   tkummer@kkbrf.com
6  cmiltenberger@kkbrf.com

7  Attorneys for Defendants

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10 THOMAS DAVIS III, individually and on        Case No.
   behalf of all others similarly situated,
11
                  Plaintiff,
12                                              **NOTICE OF REMOVAL**
        vs.
13
   WESTGATE PLANET HOLLYWOOD LAS
14 VEGAS, LLC, WESTGATE RESORTS, INC.,
   WESTGATE RESORTS, LTD., CFI SALES &
15 MARKETING, LTD., CFI SALES &
   MARKETING, LLC, CFI SALES &
16 MARKETING, INC. AND "John Doe" entities
   to 1 to 25, name and number unknown.
17
                  Defendants.
18

19 TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

20 DISTRICT OF NEVADA, PLAINTIFF THOMAS DAVIS AND TO HIS ATTORNEYS OF

21 RECORD, MARK THIERMAN OF THE THIERMAN LAW FIRM AND LEON

22 GREENBERG OF LEON GREENBERG, A PROFESSIONAL CORPORATION:

23         PLEASE TAKE NOTICE THAT Defendants, Westgate Planet Hollywood Las Vegas,

24 LLC., Westgate Resorts, Inc., Westgate Resorts, Ltd., CFI Sales & Marketing, Ltd., CFI Sales &

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169

525608_2    11943.11

Page 1 of 7

Marketing, LLC., and CFI Sales & Marketing, Inc. ("Petitioners/Defendants"), hereby remove this action from the District Court of Clark County, Nevada to the United States District Court for the District of Nevada. This removal is based on two grounds: (1) this action involves a federal question as defined by 28 U.S.C. §§ 1331, 1367 and 1441(b); and (2) this Court has original jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2). Removal is proper for the reasons stated below:

## FACTUAL BACKGROUND

1. On May 13, 2008, Plaintiff Thomas Davis III ("Plaintiff") filed his Complaint in the District Court of Clark County, Nevada entitled: *Thomas Davis III, individually and on behalf of all others similarly situated v. Westgate Planet Hollywood Las Vegas, LLC, Westgate Resorts, Inc., Westgate Resorts, Ltd., CFI Sales & Marketing, Ltd., CFI Sales & Marketing, LLC, CFI Sales & Marketing, Inc., and "John Doe" entities 1 to 25, name and number unknown*, designated as Case No.: A562978. The Complaint alleges the following five purported causes of action against Petitioners/Defendants: (1) alleged violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, due to Defendants' alleged failure to pay minimum wages overtime pay; (2) alleged violations of Nevada's labor laws, specifically Nevada Revised Statutes §§ 608.016, 608.018, 608.019, 608.100 and 608.250, involving unpaid wages, unpaid minimum and overtime wages, and unpaid rest periods; (3) alleged violation of Nevada Revised Statutes § 608.040 for unpaid wages owed after discharge; (4) alleged breach of contract; and (5) alleged conversion. True and correct copies of the Summons, Complaint, and all other process, pleadings, and orders served upon Petitioners/Defendants are attached hereto as Exhibit "A".

2. Plaintiff seeks class action status with respect to Counts 2 and 3 (Nevada statutory claims); Count 4 (breach of contract) and lastly, Count 5 (conversion). See Cmplt. ¶ 17.

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169

525608_2   11943.11

Page 2 of 7

3. Plaintiff claims that the putative class is at least 1,000 members and with at least 500 Nevada Subclass members. See Cmplt. ¶¶ 6,18. The remaining members are located nationwide. See Cmplt. ¶ 10.

### REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

**A.  This action involves a federal question- alleged violation of FLSA- and is being removed within 30 days from the service of initial complaint.**

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1367. Plaintiff's first cause of action is based entirely on alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§207 and 213. See Cmplt., ¶¶ 14,16,34-35 and 37. Accordingly, Defendants may remove this action because it involves a federal question that arises "under the Constitution, laws, or treatises of the United States." 28 U.S.C. §§ 1331, 1441(b).

5. On May 19, 2008, Plaintiff, through his counsel, caused a copy of the Summons and Complaint to be served on Incorp Services, Defendants' Registered Service Agent in Nevada. The Complaint is the initial pleading setting forth the claim for relief upon which this action is based and is the basis for removal. The Petitioners/Defendants did not receive any other initial pleadings or other notice of this claim before May 19, 2008. Accordingly, this Notice of Removal is being filed within (30) days after receipt by Petitioners/Defendants of the initial pleading and is timely filed pursuant to 28 U.S.C. § 1446(b).

6. Petitioners/Defendants certify that a copy of this Notice of Removal will be served promptly on Plaintiff and filed with the Clerk of the Eighth Judicial District Court, Clark County, Nevada pursuant to 28 U.S.C. § 1446(d).

7. Likewise, this Court has supplemental jurisdiction over Plaintiff's remaining state causes of action pursuant to 28 U.S.C. § 1367(a). These state claims are substantially related to Plaintiff's first cause of action. Because these causes of action arise from the same common

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169

525608_2   11943.11

Page 3 of 7

1  nucleus of operative facts as does the first cause of action, all should be tried in one action.

2  *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations

3  of convenience, judicial economy and fairness to the litigants strongly favor this Court's exercise

4  of jurisdiction over Plaintiff's entire Complaint. *United Mine Workers v. Gibbs*, 383 U.S. 715,

5  725-26 (1996).

6        8.     Accordingly, this entire action may properly be removed to this Court.

## REMOVAL BASED ON THE ORIGINAL JURISDICTION CONFERRED BY THE CLASS ACTION FAIRNESS ACT

**A.    In the alternative, removal is appropriate under the Class Action Fairness Act of 2005.**

9.     The Complaint, filed on May 13, 2008, commenced the action by Thomas Davis III individually and on behalf of the class of persons he seeks to represent. See Cmplt., ¶ 3.

10.    According to the Complaint, there are "at least 1000 putative class members nationwide and over 500 Nevada Subclass members." See Cmplt., ¶ 18. Under Count V alone, Plaintiff and his putative class seek to recover at least $10,000,000 due to Petitioners/Defendants' alleged conversion of the sales persons reserve accounts. See Cmplt., ¶ 62. Specifically, Plaintiff seeks "on behalf of …numerous similarly situated members of the Nevada subclass or a class *of all of defendants' commissioned timeshare salespersons in the United States* a judgment against the defendants for the sums owed to such persons as a result of defendants' conversion of the plaintiffs' reserve funds along with an *award of punitive damages in excess of ten thousand dollars ($10,000) on behalf of each plaintiff*..." See Cmplt., ¶ 62 (Emphasis Added).

11.    The Class Action Fairness Act of 2005 ("Act") grants this Court original jurisdiction over Plaintiff's class action claims. 28 U.S.C. § 1332(d)(2). Specifically, the Act grants original jurisdiction of any civil action in which the matter in controversy exceeds

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169

525608_2    11943.11

Page 4 of 7

1  $5,000,000.00 and is a class action in which any putative class member is a citizen of a State different from any defendant. 28 U.S.C. § 1332 (d)(2)(A).

12. In this particular case, the matter in controversy exceeds $5,000,000.00. In fact, on the conversion claim alone, Plaintiff seeks over $10,000,000 in punitive damages for the class. 28 U.S.C. §1332 (d)(6) (In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs).

13. Likewise, at least one member of the class is a citizen of a different State than the Petitioners/Defendants. Petitioners/Defendants are all incorporated under the laws of Florida and are all citizens of Florida. At least 500 members of the putative class (inside sales persons hired by Petitioners/Defendants) are supposedly citizens of Nevada. See Cmplt. ¶¶ 5, 6, 10, 18. Consequently, this action meets the diversity standard set by the Act. 28 U.S.C. § 1332 (d)(2)(A).

14. This Court should note that it appears that Plaintiff has purposely limited the number of putative plaintiffs outside of Nevada. Plaintiff alleges that Petitioners/Defendants employed "**thousands of such inside sales persons within the United States… within the last three years**." See Cmplt. ¶ 10 (Emphasis added). Yet, Plaintiff then arbitrarily states that there are 1,000 members and at least 500 are Nevada citizens. It is evident that Plaintiff is attempting to circumvent the Act by diluting the actual number of putative class members residing outside of Nevada. The Petitioners/Defendants believe that the putative class, as described by Plaintiff[1], may approach 10,000 putative plaintiffs, the substantial majority of whom reside outside Nevada.

---

[1] Petitioners'/Defendants' analysis of Plaintiff's allegata to establish jurisdiction in this Court does not admit that any class action - Nevada or nationwide - is justified or proper.

KUMMER KAEMPFER BONNER RENSHAW & FERRARIO
Seventh Floor
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169

525608_2   11943.11

15. This action is ripe for removal under the Class Action Fairness Act of 2005.

WHEREFORE, Petitioners/Defendants hereby remove the above-entitled action now pending in the Eighth Judicial District Court, Clark County, Nevada, as Case No. A562978, to this Court.

DATED this 4th day of June, 2008.

        KUMMER KAEMPFER BONNER
        RENSHAW & FERRARIO

        By: /s/ Thomas F. Kummer
        THOMAS F. KUMMER
        Nevada Bar No. 1200
        CHRISTOPHER R. MILTENBERGER
        Nevada Bar No. 10153
        3800 Howard Hughes Parkway, Seventh Floor
        Las Vegas, Nevada 89169
        **Attorneys for Defendants**

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169

525608_2   11943.11

Page 6 of 7

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that service of the foregoing NOTICE OF REMOVAL was made this date by depositing a true copy of the same for mailing at Las Vegas, Nevada, addressed to each of the following:

Mark R. Thierman, Esq.
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, Nevada 89511
**Attorney for Plaintiff
   Thomas Davis, III**

Leon Greenberg, Esq.
A Professional Corporation
633 South 4th Street, Suite 4
Las Vegas, Nevada 89101
**Attorney for Plaintiff
   Thomas Davis, III**

DATED this 4th day of June, 2008.

_____
an employee of Kummer Kaempfer Bonner
Renshaw & Ferrario

KUMMER KAEMPFER BONNER
RENSHAW & FERRARIO
Seventh Floor
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169

525608_2   11943.11

Page 7 of 7