**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS DAVIS III, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC, et al., <br><br> Defendants. | Case No. 2:08-cv-00722-RCJ-PAL <br><br> **ORDER** <br><br> (Mtn to Compel - Dkt. #293) |

This matter is before the court on Defendants' Motion to Compel Discovery Answers from Designated Opt-in Plaintiffs Who Have Failed to Answer Defendants' Discovery (Dkt. #293). Plaintiffs filed an Opposition (Dkt. #312) and an Errata to the Opposition (Dkt. #318), to which Defendants' Replied (Dkt. #330). The court has considered the Motion, the Opposition, the Errata, and the Reply.

**BACKGROUND**

Defendants are business entities engaged in the development, marketing, management and sales of fractional interests in time share condominiums and resorts. Plaintiff Thomas Davis III was formerly employed by Defendants as a salesperson in Defendants' Las Vegas, Nevada time share sales business. After several years of employment, Davis, who was paid by commission, determined that Defendants had failed to pay him either overtime or minimum wage. On May 13, 2008, Davis filed the Complaint individually and on behalf of others similarly situated, in the Clark County District Court. On June 4, 2008, Defendants removed this action to this court. *See* Dkt. #1.

The undersigned held monthly status conferences concerning the circulation of notice and parties' various discovery disputes. *See, e.g.,* Dkt. ##71, 84, 214, 243, 266, 278. The parties disputed

the scope of discovery concerning the opt-in Plaintiffs, and Defendants filed a Motion to Compel (Dkt. #163). In a hearing on July 27, 2009, the court outlined the scope of permissible individualized discovery to be propounded by Defendants on the opt-in Plaintiffs. *See* Minute Order, Dkt. #214; Order (Dkt. #220). The court ordered that Defendants were permitted to obtain individualized discovery from a ten percent sample group of the opt-in Plaintiffs in the three states where the class was conditionally certified. *Id.* On September 15, 2009, the court held an additional status conference concerning the parties' proposed discovery plan and scheduling order, and the parties were permitted 120 days to conduct discovery. *See* Minute Order, Dkt. #243. On November 17, 2009, the court directed Defendants to complete their document production and ordered Plaintiffs' counsel to identify the opt-in Plaintiffs who would be subject to individualized discovery. *See* Minute Order, Dkt. #266. On December 1, 2009, Plaintiffs' counsel had still not finalized his list of opt-in Plaintiffs subject to individualized discovery, and the court directed Plaintiffs to finish the list or defense counsel would be permitted to select the remainder. *See* Minute Order, Dkt. #278.

On December 30, 2009, the parties filed a Joint Status Report (Dkt. #290) representing that written discovery was propounded on all seventy-two opt-in Plaintiffs designated by the parties. The parties stated that of the first group of thirty-six opt-in Plaintiffs, twenty one had not responded at all, and the status report indicated Defendants would move to compel their responses. The instant motion followed.

## DISCUSSION

**I.     The Parties' Positions.**

    **A.     Defendants' Motion to Compel (Dkt. #293).**

On November 20 and November 24, 2009, respectively, Defendants propounded requests for production of documents and interrogatories on the seventy-two opt-in Plaintiffs designated by the parties. On December 24, 2009, counsel for Plaintiffs sent a letter to defense counsel objecting to the various interrogatories propounded on the opt-in Plaintiffs designated by defense counsel, but did not provide any substantive responses. No responses were provided to the requests for production of documents. The December 24, 2009, letter also represented that twenty-one of the opt-in Plaintiffs had not responded in any way to Plaintiffs' counsel regarding the written discovery. On December 30,

2009, Plaintiffs counsel sent another letter objecting to the various interrogatories propounded on the opt-in Plaintiffs designated by Plaintiffs' counsel. That letter noted that fifteen of these thirty-six opt-in Plaintiffs had also not provided responses to the interrogatories despite communication with Plaintiffs' counsel. Defendants assert that the designated opt-in Plaintiffs are required by Rule 37 of the Federal Rule of Civil Procedure to respond to Defendants' written discovery requests, and Defendants seek responses from the designated opt-in Plaintiffs. To the extent any opt-in Plaintiff fails to respond, Defendants request they be stricken as an opt-in Plaintiff. Lastly, Defendants seek attorneys' fees and costs associated with preparing and filing this motion.

### B. Plaintiffs' Response (Dkt. #312) and Errata (Dkt. #318).

Plaintiffs assert they have provided documents, to the extent they have them, and are continuing to produce documents in their possession relating to the designated opt-in Plaintiffs' employment with Defendants. Moreover, Plaintiffs have objected to the production of certain other documents because most of the designated opt-in Plaintiffs do not possess responsive documents. Plaintiffs assert that dismissing non-responding opt-in Plaintiffs from the case is not supported by the facts or the case law. Relying on *Craig v. Far West Engineering Company*, 265 F.2d 251, 260 (9th Cir. 1959), Plaintiffs assert that because the issues raised under the Fair Labor Standards Act are narrow in scope, they can be established through sources other than the Plaintiffs. Plaintiffs assert their claims can be established through the Defendants' records and/or expert testimony, and that any non-compliant Plaintiff should be precluded from offering testimony or other evidence at trial that is not in the Defendants' possession.

Plaintiffs assert that Defendants have no need for the discovery they seek, and the facts they seek to discover are either known to them or irrelevant. Plaintiffs assert that all basic information concerning their employment is in Defendants' possession. Plaintiffs argue Defendants have no need for the cumulative evidence their discovery requests seek, and it is sought only to burden Plaintiffs and make prosecution of this case impossible. Plaintiffs assert that Defendants have been provided with discovery from thirty or thirty-four of the opt-in Plaintiffs, and there is no basis to conclude that a ten percent sample of opt-in Plaintiffs is necessary to provide a reliable statistical sample. Lastly, Plaintiffs state that there is no basis to award attorneys' fees or costs if the court grants Defendants' motion because the opt-in class never committed to prosecute this action, only to be members of the class.

### C. Defendants' Reply (Dkt. #330).

Defendants assert that Plaintiffs' argument that the discovery sought is cumulative, irrelevant, and inadmissible has no bearing on the Motion to Compel (Dkt. #293) because the relevancy standard for discovery is much broader than that for trial. Relying on Rule 26(b)(1) of the Federal Rules of Civil Procedure, Defendants assert they are entitled to all information that is reasonably calculated to lead to the discovery of admissible evidence and not simply the evidence that would be admissible at trial. Defendants assert that Plaintiffs are required by this court's order to provide a ten-percent sample of the opt-in Plaintiffs who will be subject to individualized discovery.

## II. Applicable Authority and Analysis.

### A. Responding to Discovery Requests.

Rule 26(b) of the Federal Rules of Civil Procedure provides, "parties may obtain discovery regarding any non-privileged matter that is relevant to any parties claim or defense." *Id.* Pursuant to Rule 26(b)(2)(C), a party can contest production of documents if the request is unreasonably cumulative or duplicative, or if it can be obtained from some other more convenient, less burdensome, or less expensive source. *See id.* The party resisting relevant, non-privileged discovery has the burden of showing why discovery should not proceed. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Rule 37 of the Federal Rules of Civil Procedure provides that a party may move to compel discovery and seek sanctions where another party fails to respond to interrogatories. *See* Fed.R.Civ.P. 37(d)(1)(A)(ii). Moreover, where a party fails to comply with an order for discovery, the court may impose sanctions, including, among others: (a) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" or (b) "dismissing the action or proceeding in whole or in part." Fed.R.Civ.P. 37(b)(2)(A)(ii) and (v). Furthermore, Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

///

Here, Plaintiffs concede that only thirty of the seventy-two opt-in Plaintiffs provided responses to the discovery requests propounded by Defendants, and four additional opt-in Plaintiffs have demonstrated that they will provide responses. The remainder of the designated opt-in Plaintiffs have not communicated with Plaintiffs' counsel or manifested any intent to provide discovery responses. Defendants initially sought leave to propound individualized discovery to every opt-in Plaintiff. The court denied this request and limited the Defendants to a ten percent representative sample with each side selecting five percent of the opt-ins for individualized discovery. However, the court indicated that, for good cause shown, the Defendants could apply for additional individualized discovery. Defendants continued to object to the court's limitation of individualized discovery to a ten percent sample. The parties litigated a Motion to Compel (Dkt. #285) and a Motion to Clarify (Dkt. #286). On April 22, 2010, the District Judge entered an Amended Order (Dkt. 344) sustaining this court's discovery limitation and clarifying that his earlier order sanctioning Plaintiffs for actions counsel took in circumvision of the notice procedure did not allow the Defendants to direct individualized discovery to all opt-in Plaintiffs. Rather, the District Judge's amended order clarified that,

> Plaintiffs are correct that the scope of the court's Orders removal of discovery limitations reaches only information concerning the source of opt-in Plaintiffs. In other words, Defendants could send interrogatories to any opt-in Plaintiff asking him or her anything reasonably related to how he or she joined the case or found out about it. This is necessary to determine whether a particular Plaintiff is an impermissible fruit of the website who Defendants may move to strike. But it is not a reasonable interpretation of the order that it permits individual discovery from each Plaintiff in this class action concerning the underlying merits of each Plaintiffs' individual case.

Amended Order (Dkt. #344) 6: 13-18. The court limited the Defendants to conducting individualized discovery to ten percent of the opt-in Plaintiffs and directed both sides to identify thirty-six of the seventy-two Plaintiffs to receive individualized discovery. The District Judge has sustained this court's limitation and Plaintiffs may not disregard the court's order allowing individualized discovery.

Plaintiffs also object to a number of the interrogatories and requests for production of documents, asserting all basic information concerning the Plaintiffs' employment is already known to the Defendants or is duplicative because "the [P]laintiffs all worked at the same locations under the same circumstances which are also well known to the [D]efendants." Plaintiffs' argument misses the point. The court conditionally certified a class, but Defendants are entitled to discovery necessary to

de-certify the class. Defendants are entitled to know the Plaintiffs version of their job duties and responsibilities in arguing whether they are sufficiently "similarly situated" to remain an FLSA § 216(b) class. Plaintiffs claim Defendants did not properly compensate members of the conditionally certified class. Defendants are entitled to discover Plaintiffs' claims about when and where they worked, the number of hours they claim they worked, whether they claim they worked in excess of forty hours per week or in excess of eight hours per day as the complaint claims. With respect to Defendants' request for production of documents, Defendants are entitled to Plaintiffs' records to the extent they exist. If the opt-in Plaintiffs selected to respond to representative's discovery do not have any documents supporting their claims, they need only say so.

Only thirty of the opt-in Plaintiffs have responded to the individualized discovery the court allowed. Defendants are entitled to receive responses for the remainder of the designated opt-in Plaintiffs pursuant to the court's Orders (Dkt. ##214, 220). Accordingly, the Motion to Compel (Dkt. #293) will be granted to the extent that the non-compliant designated opt-in Plaintiffs will be compelled to respond to Defendants' discovery requests.

**B.    Sanctions for Failure to Respond to Discovery Requests.**

Defendants request that the court impose one of the most severe sanctions–dismissal of the non-compliant opt-in Plaintiffs claims for their failure to respond to Defendants' written discovery requests. Plaintiffs respond that the appropriate sanction is to prohibit the non-responding Plaintiffs from offering testimony and/or evidence at trial. There is scant case law concerning the appropriate sanction for opt-in Plaintiffs who fail to respond to individualized discovery in an FLSA suit. However, in *In re The Exxon Valdez*, 102 F.3d 429 (9th Cir. 1996), the Ninth Circuit discussed when dismissal is an appropriate sanction for failure to produce discovery in violation of Rule 37 of the Federal Rules of Civil Procedure. There, the court noted, on three separate occasions in the opinion, that the appellants had been warned that they would face Rule 37 sanctions, including possible dismissal, if they continued to refuse to respond to discovery requests. *Id.* at 432, 433 (noting that "before invoking the drastic sanction of dismissal, the court and master warned appellants that continued noncompliance would result in dismissal"). The court opined that "[d]ismissal . . . is authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Id.*

at 432 (*citing United States v. Kahaluu Const.*, 857 F.2d 600, 603 (9th Cir. 1988), *Fjelstad v. American Honda Motor Co. Inc.,* 762 F.2d 1334, 1338 (9th Cir. 1985), and *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 591 (9th Cir. 1983)). Moreover, before dismissal can be imposed as a sanction, the court must consider the following five factors: (a) the public's interest in expeditious resolution of litigation; (b) the court's need to manage its docket; (c) the risk of prejudice to the other party; (d) the public policy favoring disposition of cases on their merits; and (e) the availability of less drastic sanctions. *See id.* at 433; *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Additionally, the party seeking dismissal must show that the non-compliant party's failure to respond was the result of bad faith, willfulness, or fault. *See Hyde & Drath,* 24 F.3d at 1166 (*citing Fjelstad,* 762 F.2d at 1341).

Here, the majority of the opt-in Plaintiffs designated for individualized discovery have not responded to written discovery requests propounded in December 2009. However, the selected opt-in Plaintiffs have not been warned that they will face Rule 37 sanctions up to and including dismissal for their failure to respond to discovery as ordered, and the court will therefore not recommend dismissal of their claims at this time. The court will grant the motion to compel and now warns the non-compliant opt-in Plaintiffs selected for individualized discovery that they will face Rule 37 sanctions, including possible dismissal, if they continue to refuse to respond to these discovery requests.

Having reviewed and considered the matter,

**IT IS ORDERED** Defendants' Motion to Compel (Dkt. #293) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The designated opt-in Plaintiffs shall provide responses to Defendants' interrogatories and requests for production of documents no later than **August 16, 2010.**
2. Failure of any designated opt-in Plaintiff to comply with this order will result in any of the sanctions authorized by Rule 37, up to and including a recommendation for dismissal of any non-complying opt-in Plaintiffs' claims.

///
///
///

3.   Any request for relief not specifically addressed in this order is **DENIED**.

Dated this 19th day of July, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE