# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS DAVIS, III, *et al.*, | )<br>) |
| Plaintiffs, | ) Case No. 2:08-cv-00722-RCJ-PAL |
| vs. | ) **ORDER** |
| WESTGATE PLANET HOLLYWOOD<br>LAS VEGAS, LLC, *et al.*, | ) (Mot Ext Time - Dkt. #365) |
| Defendants. | ) |

The court conducted a hearing on Plaintiffs' Motion for an Extension of Time to Serve Initial Expert Witness Report and Complete Discovery (Dkt. #365) on November 2, 2010. Leon Greenberg and Rob Alvarez appeared on behalf of the Plaintiffs, and Myrna Maysonet appeared on behalf of the Defendants. The court has considered the motion, Defendants' memorandum in opposition (Dkt. #370), Plaintiffs' reply (Dkt. #372), and the arguments of counsel at the hearing.

In the current motion, the Plaintiffs seek an order extending the deadline to serve a final expert witness report for Robert Taylor, a CPA retained by Plaintiffs to provide opinion testimony concerning Plaintiffs' damages. Plaintiffs argue that the expert has been unable to provide a full and final expert report detailing his conclusions, opinions, and findings because of Defendants' failure to provide relevant, necessary and promised records and information. Counsel for Plaintiffs argue that this case is essentially an accounting action seeking an examination of what Defendants actually paid, and should have paid to the putative Plaintiff class. Counsel for Plaintiffs argue that vital records bearing upon the parties' dispute have not been produced, and that without these records, Plaintiffs' expert cannot complete his report. Specifically, Defendants have not produced records documenting what amounts were paid to putative class members.

Defendants produced exemplar contracts for particular sales locations. However, for certain

years and certain sales locations, Defendants have produced more than one form of contract with different commission schedules.  Defendants only recently produced tour histories needed to make an evaluation of the proper commission rate for Florida and Tennessee sale persons.  Defendants have not produced data needed to evaluate the Defendants' counterclaim damages.  Plaintiffs therefore seek some or all of the following remedies: (1) requiring Defendants to produce their entire databases; (2) extending the discovery cutoff for expert witnesses an additional thirty or sixty days; (3) directing a status conference after the parties have further opportunity to discuss Defendants' discovery deficiencies; and (4) directing "some form of compliance".

Defendants oppose the motion on several grounds.  First, Defendants argue that Plaintiffs motion is partially based on Mr. Taylor's examination or analysis of damages involving putative class state claims.  Defendants point out that no Rule 23 class has been certified, and that Plaintiffs have not filed a motion to certify a class pursuant to Rule 23.  This court's February 18, 2009 Discovery Plan and Scheduling Order gave Plaintiffs until May 29, 2009 to move for class certification.  Plaintiffs did not file their Rule 23 motion, and the time for filing one has now expired.

Defendants also dispute that they have failed to provide relevant, necessary and promised records and information.  Defendants argue that if Plaintiffs truly believed Defendants had failed to produce adequate or complete discovery, Plaintiffs should have filed a motion to compel under Rule 37. Defendants assert it is inappropriate for Plaintiffs to request an order compelling Defendants to produce information when no motion to compel specific discovery has been filed.  More importantly, Defendants argue that Plaintiffs are simply wrong in arguing the data Defendants have produced is incomplete, incorrect or inadequate.  Plaintiffs have repeatedly stated throughout this litigation that Defendants have failed to provide key evidence and data.  However, Defendants assert that these representations are the result of Plaintiffs' inability to understand Defendants' data.  As one example, Plaintiffs claimed that Defendants' production lacked codes necessary to interpret data.  However, one of the files Defendants produced in October 2009 was labeled "codes" to assist Plaintiffs.  Defendants voluntarily created a "file relationship outline" and gave it to counsel for Plaintiffs in April 2009. Defendants have also provided Plaintiffs code descriptions to help them understand data and made their IT consultants available in a conference call to discuss Plaintiffs' multiple questions.

Defendants acknowledge that they recently produced tour records from 2002-2005 for all putative members of a Rule 23 class which has yet to be certified. Defendants believe that these records were not relevant, but produced them in good faith. Defendants produced tour records for the FLSA class members in February 2009 as ordered. Defendants have also produced over 7 gigabytes of data in this matter. Defendants also argue Plaintiffs only sent Defendants a letter outlining additional deficiencies in Defendants' document production two days before the extended deadline for designating expert witnesses. The September 28, 2010 letter from counsel for Plaintiffs alleged for the first time that there were no payroll records for approximately 254 of the FLSA opt-in Plaintiffs. Defendants dispute this and claim that Plaintiffs have had all of the information needed for their expert to provide analysis of the Plaintiffs' FLSA claims for some time.

Plaintiffs' reply that Plaintiffs served a first request for production of documents in November 2008 requesting payment records and reserve account transactions for all Westgate sales representatives. The Defendants resisted discovery of the information sought with respect to all putative class members. However, this court overruled the Defendants' objections and required the Defendants to produce the electronic databases showing what the putative class members were paid, what was in the reserve accounts that are subject to the charge back claims, and the time records which substantiate what hours the putative class members worked. A transcript of the February 3, 2009 hearing in which this was ordered is attached as "Exhibit B" to the reply.

In an order entered April 1, 2009 (Dkt. #117), the district judge denied Defendants' request to reverse this court's discovery order. Plaintiffs argue that they have attempted to work with the Defendants to get the documents, but have been unsuccessful. Plaintiffs are still unable to accurately determine what Defendants paid putative class members. The Defendants have failed to comply with this court's order which is illustrated by records Defendants produced October 14, 2010 which report commissions paid or earned for 4,605 previously unknown timeshare sales conducted by sales persons at Defendants' Miami Bayside sales center. Defendants did not produce the contract files for these sales, and without them, it is impossible to confirm if a sales person's tour resulted in a sale for which a commission was owed.

Plaintiffs argue that a motion to compel is not needed when the court has already ordered that

the documents in dispute should be produced.  Plaintiffs did not seek the court's intervention to compel the Defendants to produce these documents or to enforce this court's prior order while attempting to work with the Defendants to obtain the documents needed to complete expert reports.  Counsel for Plaintiffs was hopeful, even as the motion was filed, that the parties might be able to resolve the issues in the motion.  However, the motion was filed because Plaintiffs could not meet the September 30, 2010 expert report deadline.

Plaintiffs also claim that the parties and the court have "operated with the understanding that the door was open to Rule 23 certification upon the conclusion of discovery, which is still ongoing." Plaintiffs again request that the court order the Defendants to produce the entirety of their databases because the court afforded the Defendants the opportunity to go through their databases and compile files.  However, Defendants have effectively evaded the court's rulings by producing incomplete data. Although Plaintiffs believe that sanctions would be appropriate, they are not seeking any monetary sanctions or punitive sanctions against the Defendants.  Rather, they merely seek disclosure of what the court has already ordered, and sufficient time to use the information to produce an expert report.

The day before the hearing, Defendants filed a Motion for Extension of Expert Deadline (Dkt. #379) which the court was not aware had been filed until the hearing.  During oral argument, counsel for both sides indicated that both sides needed additional time to complete their expert reports.  Defense counsel continues to insist that Defendants have produced all documents it agreed to produce, and as ordered by the court, but that Plaintiffs and their experts simply do not understand the data.  However, Defendants' expert has encountered similar difficulties analyzing the data which has been produced.  It appears that the experts for both sides used the same methodology to calculate Plaintiffs' wage and hour commission claims, and both experts recognized the methodology does not capture all of the needed payroll information.

The court directed counsel to have their respective experts meet and confer to arrive at an agreed-upon methodology to correct the deficiencies both sides acknowledge exist, and submit a proposal to the court.

Counsel for the parties indicated they are in the process of scheduling all remaining depositions and anticipate being able to conclude them by the existing November 30, 2010 deadline.  The court will

adjust the deadline for designating expert reports after the parties' experts have conferred about the problem and proposed resolution, and the parties have had an opportunity to make a proposal to the court.

**IT IS ORDERED** that:

1. Plaintiffs' Motion to Extend Deadline (Dkt. #365) is **GRANTED** to the extent that the court will adjust the deadline for submission of Plaintiffs' expert report. The court will reserve a decision on the date for the adjustment until the next status conference.
2. The status conference is set for **November 16, 2010 at 11:30 a.m.**

Dated this 8th day of November, 2010.

_____
Peggy A. Leen
United States Magistrate Judge