UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS DAVIS III, et al.,<br><br>       Plaintiffs,<br><br>vs.<br><br>WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC, et al.,<br><br>       Defendants. | Case No. 2:08-cv-00722-RCJ-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(Mtn for Sanctions - Dkt. #354) |

The court conducted a hearing on Defendants' Motion for Sanctions Pursuant to Fed.R.Civ.P. 37 Due to Opt-In Plaintiffs' Failure to Comply With Court Order (Dkt. #354) on October 12, 2010. Leon Greenberg appeared on behalf of the Plaintiffs, and James Smythe appeared on behalf of the Defendants. The court has considered the moving and responsive papers and the arguments of counsel at the hearing.

**BACKGROUND**

Defendants are business entities engaged in the development, marketing, management and sales of fractional interests in time share condominiums and resorts. Plaintiff Thomas Davis III was formerly employed by Defendants as a salesperson in Defendants' Las Vegas, Nevada time share sales business. After several years of employment, Davis, who was paid by commission, determined that Defendants had failed to pay him either overtime or minimum wage. On May 13, 2008, Davis filed the Complaint individually and on behalf of others similarly situated, in the Clark County District Court. On June 4, 2008, Defendants removed this action to this court. *See* Dkt. #1.

The undersigned has held monthly status conferences concerning the circulation of notice and parties' various discovery disputes. *See, e.g.,* Dkt. ##71, 84, 214, 243, 266, 278, 371, 381. The parties

disputed the scope of discovery concerning the opt-in Plaintiffs, and Defendants filed a Motion to Compel (Dkt. #163). In a hearing on July 27, 2009, the court outlined the scope of permissible individualized discovery to be propounded by Defendants on the opt-in Plaintiffs. *See* Minute Order, Dkt. #214; Order (Dkt. #220). The court ordered that Defendants were permitted to obtain individualized discovery from a ten percent sample group of the opt-in Plaintiffs in the three states where the class was conditionally certified. *Id.* On September 15, 2009, the court held an additional status conference concerning the parties' proposed discovery plan and scheduling order, and the parties were permitted 120 days to conduct discovery. *See* Minute Order, Dkt. #243. On November 17, 2009, the court directed Defendants to complete their document production and ordered Plaintiffs' counsel to identify the opt-in Plaintiffs who would be subject to individualized discovery. *See* Minute Order, Dkt. #266. On December 1, 2009, Plaintiffs' counsel had still not finalized his list of opt-in Plaintiffs subject to individualized discovery, and the court directed Plaintiff to finish the list, or defense counsel would be permitted to select the remainder. *See* Minute Order, Dkt. #278.

On November 20 and November 24, 2009, respectively, Defendants propounded requests for production of documents and interrogatories on the seventy-two opt-in Plaintiffs designated by the parties. On December 24, 2009, counsel for Plaintiffs sent a letter to defense counsel objecting to the various interrogatories propounded on the opt-in Plaintiffs designated by defense counsel but did not provide any substantive responses. No responses were provided to the requests for production of documents. The December 24, 2009, letter also represented that twenty-one of the opt-in Plaintiffs had not responded in any way to Plaintiffs' counsel regarding the written discovery. On December 30, 2009, Plaintiffs counsel sent another letter objecting to the various interrogatories propounded on the opt-in Plaintiffs designated by Plaintiffs' counsel. That letter noted that fifteen of these thirty-six opt-in Plaintiffs had also not provided responses to the interrogatories despite communication with Plaintiffs' counsel.

Defendants filed a Motion to Compel (Dkt. #293), seeking to compel responses and discovery requests from those opt-in Plaintiffs who had failed to respond. On July 19, 2010, the court entered an Order (Dkt. #348) on Defendants' Motion to Compel (Dkt. #293). The court found that only thirty of the opt-in Plaintiffs had responded to individualized discovery requests propounded in December 2009

and compelled the remaining non-compliant opt-in Plaintiffs to respond to Defendants' discovery requests on or before August 16, 2010. The court warned the non-compliant opt-in Plaintiffs that they would face Rule 37 sanctions, including dismissal of their claims, if they continued to refuse to respond to the discovery requests. A number of the non-compliant opt-in Plaintiffs have still not responded to Defendants' written discovery requests.

Defendants indicate thirty-two opt-in Plaintiffs have still failed to respond to the individualized discovery requests the court ordered, and have not complied with this court's Order (Dkt. #348) compelling them to respond. Defendants argue that because the court's Order (Dkt. #348) warned the Plaintiffs that their failure to comply would result in Rule 37 sanctions including possible dismissal of their claims, the court should dismiss their FLSA claims as an appropriate sanction.

Plaintiffs oppose the motion indicating there are only twenty-three opt-in Plaintiffs who have failed to respond to Defendants' discovery requests. Plaintiffs represent that nine opt-in Plaintiffs have entirely complied with Defendants' discovery requests, although two of the nine, Edith Hall and Indra Estivariz served their responses late. Counsel for Plaintiff argues that the court should not dismiss the twenty-three non-compliant opt-in Plaintiffs' FLSA claims, but should only preclude them from offering testimony at the time of trial. Plaintiffs argue that dismissal is a harsh penalty that should be imposed only in extreme circumstances, and that Defendants' reliance on the Ninth Circuit's decision in *In re: Exxon Valdez,* 102 F.3d 429 (9th Cir. 1996) is misplaced. Specifically, counsel for Plaintiffs argue that the case is factually distinguishable and that the court dismissed the Plaintiffs' claims finding the factors supporting dismissal overwhelmingly outweighed the public policy favoring disposition of the case on its merits.

Defendants reply that the court granted Defendants' request to conduct individualized discovery on seventy-two opt-in Plaintiffs, and later entered an order granting a motion to compel the non-compliant opt-in Plaintiffs to respond. The court's order warned the non-compliant Plaintiffs that failure to comply would result in sanctions authorized by Rule 37 up to and including a recommendation for dismissal of any of the non-complying opt-in Plaintiffs' claims. The non-complying Plaintiffs have been unwilling to participate or comply with the court's orders and should have their claims dismissed. During oral argument at the hearing, counsel for Defendants

acknowledged that Defendants were only seeking dismissal of these opt-in Plaintiffs' FLSA claims. Defendants also dispute that nine of the opt-in Plaintiffs have fully complied with this court's order. These nine opt-in Plaintiffs[1] responded to Defendants' interrogatories, but did not respond to Defendants' request for production of documents. During oral argument, counsel for Plaintiffs indicated that, although these nine opt-in Plaintiffs did not formally respond to Defendants' request for production of documents, they have no responsive documents and that defense counsel has been so advised.

There is scant case law concerning the appropriate sanction for opt-in Plaintiffs who fail to respond to individualized discovery authorized by the court in an FLSA action. However, in *In re: Exxon Valdez*, the Ninth Circuit held that before dismissal can be imposed as a discovery sanction, the court must consider the following five factors: (a) the public's interest in expeditious resolution of litigation; (b) the court's need to manage its docket; (c) the risk of prejudice to the other party; (d) the public policy favoring disposition of cases on their merits; and (e) the availability of less drastic sanctions. *See id.* at 433; *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Additionally, the party seeking dismissal must show that the non-compliant party's failure to respond was the result of bad faith, willfulness, or fault. *See Hyde & Drath,* 24 F.3d at 1166 (*citing Fjelstad,* 762 F.2d at 1341).

In this case, the court denied the Defendants' request to conduct individualized discovery from all opt-in Plaintiffs and limited individual discovery to seventy-two opt-in Plaintiffs directing each side to select thirty-six of the seventy-two. As counsel for Plaintiff conceded during oral argument, all members of the putative class were advised in the notice of pendency of this action that if they elected to opt-in, they may be required to supply information and participate in discovery. Defendants propounded the written discovery permitted by the court on November 20th and November 24th 2009. The Defendants filed a Motion to Compel (Dkt. #293) on January 12, 2010 when a number of the opt-in Plaintiffs selected for individualized discovery failed to respond. The court entered an Order (Dkt.

---

[1] James Clifford Russell, Julie Cooley-Fields, Indra Estivariz, Edith Hall, Gerry Jordan, Ronald Marosan, Joel Mayo, Myranda Nikki Seay, and Jean Vingola

#348) July 19, 2010 granting Defendants' Motion to Compel.  The order gave the non-compliant opt-in Plaintiffs until August 16, 2010 in which to respond and was explicit: "[f]ailure of any designated opt-in Plaintiff to comply with this order will result in any of the sanctions authorized by Rule 37, up to and including a recommendation for dismissal of any non-complying opt-in Plaintiffs' claims."

With respect to the twenty-three opt-in Plaintiffs[2] who have completely disregarded the court's order and failed to respond, the court finds that dismissal of these opt-in Plaintiffs' FLSA claims in an appropriate sanction.  The court permitted individualized discovery from a ten percent sample of the 720 opt-in Plaintiffs to enable the Defendants to test the Plaintiffs' claims.  The non-compliant opt-in Plaintiffs' failure to respond, and failure to comply with the court's order has delayed expeditious resolution of this litigation, and interfered with the court's ability to manage its docket.  Defendants have been prejudiced by their inability to obtain routine discovery from these non-compliant opt-in Plaintiffs.  Although public policy clearly favors disposition of cases on their merits and this factor weighs heavily against dismissal, less drastic sanctions will not effectively address these Plaintiffs' failure to participate in discovery as they agreed to do when they elected to opt in.  Plaintiffs' counsel has not offered any mitigating or extenuating circumstances explaining the opt-in Plaintiffs' failure to comply with this court's order.  Counsel for Plaintiffs states he has worked diligently to obtain responses from all seventy-two opt-in Plaintiffs selected for individualized discovery, but has not provided any reason or explanation why these twenty-three have failed to respond at all.  The court therefore concludes their failure to respond and failure to comply with the court's order compelling responses is willful.  Under all of these circumstances, the court finds that with respect to these twenty-three opt-in Plaintiffs, less drastic sanctions are not available to enforce this court's orders.

However, the same cannot be said with respect to the nine opt-in Plaintiffs who responded to Defendants' interrogatories, but failed to respond to Defendants' request for production of documents.  Counsel for Plaintiffs has affirmatively represented that these nine opt-in Plaintiffs do not have any

---

[2]Ajimi Maher, Andrea Coxen, Janet Gilooly, Russell Hill, Kimberly Luckey, Bill Miller, Tammy Sustein, Kelly Willcock, Abdelhay Belfakir, Paula Fockler, Lisa Gyving, Xavien Hood, Manuel Mejia, Andrea Panning, Wendy Syrett, Barbara Brown, Desirey Gee, Robbie Helton, Brian Lane, Carmen Melgar, Franklin Saa, John Turner, and Connie Brown.

responsive documents.  The responsive documents the Defendants seek include time and payroll records which the Defendants themselves have.  Thus, with respect to these nine opt-in Plaintiff, sanctions less drastic than dismissal are available.  The court will preclude these nine opt-in Plaintiffs from producing any documents supporting their claims that they have not produced to the Defendants in discovery, and further preclude them from relying upon or introducing any documents supporting their claims in motion practice or at trial.

For all of the foregoing reasons,

**IT IS ORDERED** that opt-in Plaintiffs James Clifford Russell, Julie Cooley-Fields, Indra Estivariz, Edith Hall, Gerry Jordan, Ronald Marosan, Joel Mayo, Myranda Nikki Seay, and Jean Vingola, shall be precluded or relying upon any documents supporting their claims in motion practice or at trial which have not been produced in discovery.

**IT IS RECOMMENDED** that the FLSA claims asserted under 29 U.S.C. § 216(b) of opt-in Plaintiffs Ajimi Maher, Andrea Coxen, Janet Gilooly, Russell Hill, Kimberly Luckey, Bill Miller, Tammy Sustein, Kelly Willcock, Abdelhay Belfakir, Paula Fockler, Lisa Gyving, Xavien Hood, Manuel Mejia, Andrea Panning, Wendy Syrett, Barbara Brown, Desirey Gee, Robbie Helton, Brian Lane, Carmen Melgar, Franklin Saa, John Turner, and Connie Brown be **DISMISSED** for their failure to respond to Defendants' written discovery requests propounded November 20 and 29, 2009, and this court's Order (Dkt. #348) compelling them to respond by August 19, 2010.

Dated this 8th day of November, 2010.

```
                                    _____
                                    PEGGY A. LEEN
                                    UNITED STATES MAGISTRATE JUDGE
```