FILED _____   RECEIVED _____
ENTERED _____   SERVED ON
COUNSEL/PARTIES OF RECORD

JAN - 4 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS DAVIS, III et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 2:08-cv-00722-RCJ-PAL |
| WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC et al., | ) **ORDER** |
| Defendants. | ) |

The present lawsuit is a class action brought by former employees of Defendants for alleged failure to pay overtime, minimum wages, and commissions. Before the Court are Plaintiffs' Request for Review of Magistrate Judge's Decision (ECF No. 373) and the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 385). For the following reasons, the Court denies the request for review and adopts the R&R.

## I.    FACTS AND PROCEDURAL HISTORY

Defendants Westgate Planet Hollywood Las Vegas, LLC; Westgate Resorts, Inc.; Westgate Resorts Ltd.; CFI Sales & Marketing, Ltd.; CFI Sales & Marketing, LLC; and CFI Sales & Marketing, Inc. (collectively, "Westgate") are business entities engaged in the development, marketing, management, and sales of fractional interests in timeshare condominiums and resorts. Plaintiff Thomas Davis, III was formerly employed by Defendants

1   as a salesperson in Westgate's Las Vegas timeshare sales business.  After several years of

2   employment, Davis, who had been paid on a flat commission system, determined that Westgate

3   had failed to pay him either overtime pay for working in excess of forty hours per week or a

4   proper minimum wage.  Davis also believed that Westgate had made improper deductions from

5   his pay and had not paid him commissions he was owed.

6          On May 13, 2008, Davis filed the Complaint, individually and on behalf of all others

7   similarly situated, in the District Court of Clark County, Nevada, alleging five causes of action:

8   (1) violations of the Fair Labor Standards Act ("FLSA") for Westgate's failure to pay minimum

9   wages and overtime; (2) violations of Nevada's labor laws (NRS sections 608.016, 608.018,

10  608.109, 608.100, and 608.250) for unpaid wages, unpaid minimum and overtime wages, and

11  unpaid rest periods; (3) violations of NRS section 608.040 for unpaid wages owed after

12  discharge; (4) breach of contract; and (5) conversion. (Compl., ECF No. 1, Ex. A).  The

13  Complaint alleged there were "at least 1000 putative class members nationwide and over 500

14  Nevada Subclass members." (*Id.* ¶ 18).  In addition to the FLSA collective action class, Davis

15  sought class certification for the state law claims.  On June 4, 2008, Westgate removed the case

16  to federal court pursuant to 28 U.S.C. § 1331, based on Davis's FLSA cause of action.

17  Alternatively, Westgate alleged that there was federal jurisdiction pursuant to the Class Action

18  Fairness Act ("CAFA").  The operative complaint is now the Second Amended Complaint

19  ("SAC").

20         Pre-trial practice has been acrimonious.  During the notification process, Plaintiffs'

21  counsel created a website—which contained false and/or misleading information about the scope

22  of the class and the Court's rulings—in order to attract opt-in Plaintiffs outside of the Court's

23  notice procedure.  As a result, the Court granted Defendants' motion to compel in part, ordering

24  discovery against any and all opt-in Plaintiffs with regard to how those Plaintiffs became

25  involved in the case—but not with regard to the underlying merits of their claims—so that

1  Defendants could determine whether to move to strike them as fruits of the improper website.

2  Specifically, the Court ordered Plaintiffs' counsel to identify to Defendants which opt-in

3  Plaintiffs visited the website or contacted counsel based on it, which opt-in Plaintiffs

4  downloaded the consent form from the website, and which opt-in Plaintiffs sent those forms to

5  counsel—in short, all fruits of the website.  The Court clarified in a subsequent order that

6  discovery concerning the underlying merits of the claims remained limited to the 10% sampling

7  of opt-in Plaintiffs previously ordered by the Magistrate Judge.

8  　　　At an October 12, 2010 hearing, the Magistrate Judge indicated she would recommend to

9  the Court striking twenty-three opt-in Plaintiffs who had not complied with discovery, and she

10  precluded nine others from producing any further evidence not already disclosed.  The

11  Magistrate Judge entered the written R&R on November 8, 2010, after Plaintiffs' filed the

12  present motion objecting to the oral ruling.

13  **II.    LEGAL STANDARDS**

14  　　　Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's

15  nondispositive ruling that is clearly erroneous or contrary to law:

16  　　　　　When a pretrial matter not dispositive of a party's claim or defense is referred
to a magistrate judge to hear and decide, the magistrate judge must promptly conduct
17  　　　　　the required proceedings and, when appropriate, issue a written order stating the
decision.  A party may serve and file objections to the order within 14 days after
18  　　　　　being served with a copy.  A party may not assign as error a defect in the order not
timely objected to. The district judge in the case must consider timely objections and
19  　　　　　modify or set aside any part of the order that is clearly erroneous or is contrary to
law.

20  Fed. R. Civ. P. 72(a).  Local Rule IB 3-1(a) is the equivalent local rule.  "Under Rule 72(a), '[a]

21

22  finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court

23  on the entire evidence is left with the definite and firm conviction that a mistake has been

24  committed.'" *Rafano v. Patchogue-Medford Sch. Dist.*, No. 06-CV-5367 (JFB)(ARL), 2009 WL

25  789440, at *12 (E.D.N.Y. Mar. 20, 2009) (quoting *Burgie v. Euro Brokers, Inc.*, No. 05 Civ.

Page 3 of 6

1  0968(CPS)(KAM), 2008 U.S. Dist. LEXIS 71386, at *18 (E.D.N.Y. Sept. 5, 2008) (quoting

2  *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602,

3  622 (1993))). "An order is contrary to law when it fails to apply or misapplies relevant statutes,

4  case law or rules of procedure." *Id.*

5      A magistrate judge may not without the parties' consent rule on dispositive motions, such

6  as a motion to involuntarily dismiss a claim. 28 U.S.C. § 636(b)(1)(A), (c)(1).  A district judge

7  may designate a magistrate judge to issue recommendations on such a motion, however,

8  § 636(b)(1)(B)–(C), and in such a case the district judge must then make a de novo

9  determination of the matter, § 636(b)(1) (final, unnumbered paragraph).

10 **III.    ANALYSIS**

11      Although Plaintiffs argue under Rule 72(a), the Court must review the R&R de novo,

12 because striking the FLSA claims of twenty-three opt-in Plaintiffs is a dispositive issue. *See id.*

13 Plaintiffs' motion to review the Magistrate Judge's decision is therefore the functional equivalent

14 of an objection to the R&R.

15      Plaintiffs admit their conduct in failing to comply with discovery orders was

16 unacceptable but argue that striking their FLSA claims is excessive.  Plaintiffs suggest that "[t]he

17 appropriate sanction for the 23 opt-in plaintiffs that have failed to actively participate in

18 discovery is the preclusion of any evidence on their behalf in support of their claims and that the

19 defendants be permitted to select another representative sample to replace those who did not

20 comply." (Mot. 3:4–8, Oct. 22, 2010, ECF No. 373).  This is no alternative.  The preclusion of

21 any evidence supporting a Plaintiff's claim would necessarily result in a directed verdict for any

22 Defendant on that claim.  Even in a class action, no class member can recover who does not

23 prove his membership in the class, and preclusion of all evidence whatsoever on behalf of a

24 particular Plaintiff would prevent proof even of class membership.  And if the stricken Plaintiffs

25 wish to imply that the Court should permit them to remain as class members who may recover

1   their share of a verdict, but simply prevent them from presenting evidence specific to their cases

2   in order to prove the class action, this would be no sanction at all as against the culpable opt-in

3   Plaintiffs.

4          Plaintiffs then argue that Defendants have over 700 other opt-in Plaintiffs from whom

5   they may gather representative discovery, and that the Court should simply order discovery from

6   twenty-three replacement opt-in Plaintiffs as a sanction.  This argument is not persuasive.

7   Presumably the Magistrate Judge will permit discovery from a substitute representative sample,

8   in any case.  This cures the Defendants' discovery deficiency, but it does nothing to punish the

9   intransigent opt-in Plaintiffs.

10         Plaintiffs also argue that the discovery requests and subsequent motions to strike for

11  noncompliance are improperly being used as a tactic to reduce the size of the class.  But the

12  Magistrate Judge has already largely prevented such a problem by limiting general discovery to a

13  10% sampling of the opt-in Plaintiffs.

14         A court has discretion in imposing sanctions.  The Magistrate Judge has identified and

15  applied the proper standard in recommending striking the twenty-three intransigent opt-in

16  Plaintiffs. (*See* R&R 4:8–17, Nov. 8, 2010, ECF No. 385 (citing *In re Exxon Valdez*, 102 F.3d

17  429, 433 (9th Cir. 1996) (five-factor test); *Hyde & Drath v. Baker*, 24 F.3d 1162, 166 (9th Cir.

18  1994) (movant must show bad faith, willfulness, or fault))).  The Magistrate Judge notes in the

19  R&R that all opt-in Plaintiffs were advised in the court-ordered notice that opting in might

20  subject them to discovery requirements.  The Magistrate Judge had also issued a motion to

21  compel the intransigent opt-in Plaintiffs to respond, and specifically warned them that they

22  would face sanctions under Rule 37, including dismissal, if they continued to refuse to respond

23  to discovery requests.  The Magistrate Judge concluded that the twenty-three opt-in Plaintiffs'

24  failure to respond was willful, especially in light of repeated warnings and their own attorney's

25  claims that he himself had diligently sought their compliance.  The Magistrate Judge's

1   recommendation is not clearly erroneous or contrary to law, and striking the intransigent opt-in

2   Plaintiffs' FLSA claims is in fact the appropriate sanction in this case under a de novo review.

3                                              **CONCLUSION**

4          IT IS HEREBY ORDERED that the Request for Review of Magistrate Judge's Decision

5   (ECF No. 373) is DENIED.

6          IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation

7   (ECF No. 385) is ADOPTED.

8          IT IS SO ORDERED.

9

10  Dated this 3rd day of January, 2011.

11

12                                    _____
                                              ROBERT C. JONES
13                                       United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25
                                              Page 6 of 6