1
2
3
4 **UNITED STATES DISTRICT COURT**
5 **DISTRICT OF NEVADA**
6
7 THOMAS DAVIS III, et al.,                    )
8                          Plaintiffs,    )      Case No. 2:08-cv-00722-RCJ-PAL
                                               )
9 vs.                                          )      **ORDER**
                                               )
10 WESTGATE PLANET HOLLYWOOD LAS    )
   VEGAS, LLC, et al.,                        )
11                                             )
12                          Defendants.    )
13 _____)

14       The court held a hearing on Defendants' Motion to Compel (Dkt. #404), Defendants' Motion to
15 Extend Time Relating to December 30, 2010, Dispositive Motion Deadline (Dkt. #408), and a
16 document styled a Stipulation to Extend Time Relating to December 30, 2010, Dispositive Motion
17 Deadline (Dkt. #409).  Present for Plaintiffs were Leon Marc Greenberg, Robert A. Alvarez,
18 Christopher R. Dawe, Jason J. Thompson, Amy E. Keller, and Edward Wallace.  Present for
19 Defendants was Richard Epstein.  The court has considered the Motions and the arguments of counsel
20 made at the hearing.

21       Having reviewed and considered the matter, and for good cause shown,

22       **IT IS ORDERED** that:

23       1.      Defendants' Motion to Compel (Dkt. #404) is **GRANTED** to the extent:

24               a.      Defendants' may re-take the depositions of Plaintiff Stephen Elkins and Susana
25                       Maisonet on issues related to their late production of documents after their first
26                       depositions were taken, at opt-in Plaintiffs' expense.

27               b.      The court finds an adverse inference instruction should be given as to opt-in
28                       Plaintiffs Rudolpho DeLeon, Brian Sciara and Robert Beals, instructing the jury
                         that all three opt-in Plaintiffs were served with written discovery requests which

obligated them to produce responsive documents.  All three opt-in Plaintiffs testified at their deposition taken in November 2010, that they had additional responsive documents that they had not produced in response to Defendants' written discovery requests.  Counsel for Defendants repeatedly requested that these Plaintiffs supplement their discovery responses which are required by the Federal Rules of Civil Procedure, before and after their depositions were taken.  Plaintiff DeLeon finally responded that he could not locate the documents he testified he still had at his deposition, and that he no longer had records in his possession.  Plaintiff Brian Sciara finally responded that he could not locate, and believed he no longer had, a file that he testified he had at his deposition.  Plaintiff Robert Beals finally responded that he was unable to locate, and believed he no longer had, the documents he testified he had during his deposition.  All three opt-in Plaintiffs had a legal duty to provide these documents in response to Defendants' formal written discovery requests.  All three opt-in Plaintiffs also had a duty to preserve documents relevant to their claims when they knew or should have known they would opt-in to this action and/or sue the Defendants.  The jury may, but is not required, to infer that the failure of these three opt-in Plaintiffs to produce documents they testified at the deposition they had, but no longer possess, would not support their claims in this action, and would more likely support the Defendants' claims and defenses.

2. The court will approve the following extension of the Discovery Plan and Scheduling Order deadlines:

a. Last date to disclose experts pursuant to Fed.R.Civ.P. 26(a)(2): **February 18, 2011.**

b. Last date to disclose rebuttal experts: **March 18, 2011.**

c. Last date to depose experts: **March 31, 2011.**

d. Last date to file dispositive motions: **April 18, 2011.**

e.      The deadline for filing a Motion for Rule 23 Class Certification under the court's Discovery Plan and Scheduling Order (Dkt. #92) expired May 20, 2009. Although the parties subsequently stipulated, and the court ordered, multiple extensions of the discovery cutoff and other deadlines in the Scheduling Order, the deadline for filing the Rule 23 motion for class certification was not extended.  Plaintiffs did not request an extension of time to file the motion for class certification before expiration of the May 20, 2009 deadline, or at any time until submitting a motion, incorrectly mistitled as a stipulation (Dkt. #409) on December 30, 2010.  Denying Plaintiffs an opportunity to file a motion to certify a Rule 23 class is case-dispositive of Plaintiffs' Rule 23 claims which is a matter only the district judge may decide.  However, the court will exercise its jurisdiction over case management in this case and require the motion to certify a class to be filed no later than March 4, 2011, **without prejudice to the Defendants to argue that the motion is untimely**.

f.      Last date to file joint pretrial order: **June 17, 2011, whether or not dispositive motions are filed.**

3.      The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

4.      The settlement conference currently scheduled for February 10, 2011, is **VACATED,** and **RESET** for **May 19, 2011 at 9:30 a.m.**

5.      The Calendar call currently set before the Honorable Robert C. Jones on April 4, 2011, is **VACATED**, and **RESET** for **July 18, 2011, at 8:30 a.m.**

6.      The Trial currently set before the Honorable Robert C. Jones on April 16, 2011, is **VACATED** and **RESET** for **July 26, 2011, at 8:30 a.m.**

7.      No further extensions of the Discovery Plan and Scheduling Order Deadlines will be granted.  Any request to adjust these deadlines must be made to the district judge.

///

3

8.    Defendants' Motion (Dkt. #408) is **DENIED** as **MOOT** as the court has adjusted the Discovery Plan and Scheduling Order deadlines.

9.    Plaintiffs' Motion, incorrectly titled a Stipulation (Dkt. #409) is **DENIED** and **STRICKEN**.

Dated this 25th day of January, 2011.


_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE