**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS DAVIS III, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC, et al., <br><br> Defendants. | Case No. 2:08-cv-00722-RCJ-PAL <br><br> **ORDER** <br><br> (Request to Excuse - Dkt. #475) <br> (Mot to Compel - Dkt. #477) |

Before the court is Plaintiffs' Request to Excuse Plaintiffs from the May 19, 2011 Settlement Conference (Dkt. #475). The court has considered the request and Defendants Emergency Motion to Compel (Dkt. #477) and Response and Opposition (Dkt. #478) and Response (Dkt. #479).

On January 27, 2011, the court entered a written Order (Dkt. #436) scheduling this matter for a settlement conference on May 19, 2011, and requiring the personal appearance of all individual parties. Counsel for Plaintiffs requested, and received, an exception to the personal attendance requirement with respect to the 600 opt-in Plaintiffs. Plaintiffs now seek to excuse the named Plaintiffs from personally appearing at the settlement conference as well, asserting that "for some opt-in Plaintiffs, that would impose an economic hardship by requiring an absence from their employment." Counsel for Plaintiffs also asserts that their personal attendance would not advance the process of formulating or reaching an acceptable putative class-wide settlement because no class has been certified, and they have no authority to accept or reject the settlement on behalf of the FLSA opt-in Plaintiffs.

Defendants seek an order compelling the named Plaintiffs to attend the settlement conference arguing this case is scheduled to go to trial July 2011, and that no meaningful settlement conference can be conducted without the presence of the named Plaintiffs. On May 11, 2011, the district judge entered

an Order (Dkt. #476) denying Plaintiffs' Motion to Certify a Rule 23 Class. The named Plaintiffs initiated this lawsuit, and should not be excused from attending the mandatory settlement conference at the eleventh hour "to rob the settlement conference of any real hope of accomplishing its goal."

The court rarely grants requests for an exception to the personal attendance requirement because of the absence of the personal attendance of the named parties, settlement discussions are rarely productive. Counsel for Plaintiffs reasonably requested an exception for the 600 or so opt-in Plaintiffs. However, having elected to file this action, the named Plaintiffs will be required to attend the settlement conference in person. Counsel for Plaintiff has not established good cause to excuse one or more of the named Plaintiffs based on the the unsupported assertion missing a day of work might constitute an economic hardship to the named Plaintiffs. As such,

**IT IS ORDERED** Plaintiffs' Motion (Dkt. #475) is **DENIED**, and Defendant's Motion to Compel the Named Plaintiffs to Attend (Dkt. #477) is **GRANTED.**

Dated this 13th day of May, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE