JAMES E. SMYTH II
Nevada Bar No. 6506
Kaempfer Crowell Renshaw Gronauer & Fiorentino
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
Tel: (702) 792-7000
Fax: (702) 796-7181
Website: www.kcnvlaw.com
Email: jsmyth@kcnvlaw.com


RICHARD W. EPSTEIN
MYRNA L. MAYSONET
BRANDON J. HILL
(*Admitted Pro Hac Vice*)
GREENSPOON MARDER, P.A.
Trade Center South, Suite 2700
100 West Cypress Creek Road
Ft. Lauderdale, Florida 33309
richard.epstein@gmlaw.com
myrna.maysonet@gmlaw.com
brandon.hill@gmlaw.com
**Attorneys for Defendants**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS DAVIS III, RICK BRUNTON, LOIS TIGER and EMMANUEL WIEST individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC., WESTGATE RESORTS INC., WESTGATE RESORTS LTD., CFI SALES & MARKETING, LTD., CFI SALES & MARKETING, LLC., CFI SALES & MARKETING, INC., and "John Doe" entities 1 to 25, name and number unknown,<br><br>Defendants. | Docket # 08-CV-S-722-RCJ-PAL<br><br><br><br><br><br>**JOINT MOTION TO APPROVE THE PARTIES' STIPULATION OF SETTLEMENT, TO FILE STIPULATED SETTLEMENT UNDER SEAL, AN FOR AN ENTRY OF ORDER OF DISMISSAL** |

Case 2:08-cv-00722-RCJ -PAL   Document 529   Filed 05/01/12   Page 2 of 10

Case No. 08-CV-S-722-RCJ-PAL
Joint Motion to Approve Stipulation of Settlement,
to File Stipulated Settlement Under Seal,
and Entry of Order of Dismissal

The Parties jointly file this Motion requesting this Court to: (1) Approve the Stipulation of Settlement reached by the Parties; (2) allow the Parties to file the Stipulated Settlement under Seal; and (3) to enter an Order dismissing this action upon the approval of the Stipulated Settlement, as fully discussed below.

## I. PROCEDURAL BACKGROUND

On May 13, 2008, Plaintiff Thomas Davis, III ("Davis"), filed a complaint in Nevada state court against Defendants alleging violations of federal and state overtime and minimum wage laws, and state claims for breach of contract and conversion.[1]  Davis' Complaint also asserted collective treatment under the Fair Labor Standards Act ("FLSA") and class action status under Fed. R. Civ. P. 23.  Defendants removed the case on June 4, 2008.[2]

During the course of litigation, Davis twice amended his Complaint to add additional claims and Named Plaintiffs.[3]  The current operative Complaint asserts the following claims: (1) Count I, violations of the minimum wage and overtime laws under the FLSA; (2) Count II, violations of Nevada Labor Laws; (3) Count III, violations of Nevada Labor Laws; (4) Count IV, breach of contract; (5) Count V, conversion; and (6) Count VI, violation of the Florida Constitution and the Florida Minimum Wage Act. Defendants disputed the merits of Plaintiffs' Complaint.

Plaintiffs originally sought to certify a nationwide collective action under 29 U.S.C. §216(b) on behalf of all timeshare sales representatives and closing officers who were paid on a commission basis- only during the previous three years from the filing of the Complaint.  On January 12, 2009, this Court declined to certify the nationwide class sought by Plaintiff and

---

[1] (Doc. 1).
[2] (Doc. 1).
[3] (Doc. 78).

Case 2:08-cv-00722-RCJ -PAL   Document 529   Filed 05/01/12   Page 3 of 10

Case No. 08-CV-S-722-RCJ-PAL
Joint Motion to Approve Stipulation of Settlement,
to File Stipulated Settlement Under Seal,
and Entry of Order of Dismissal

instead allowed limited notice to timeshare sales representatives and closing officers who were paid on a commission base and worked in Florida, Nevada or Tennessee.[4] Approximately, 736 filed opt-in consents. However, currently there are 684 of opt-in Plaintiffs who are part of the settlement class, as defined by the Parties' Stipulation for Settlement.[5]

In late 2010, Plaintiffs sought class certification of the pending state claims under Fed. R. Civ. P. 23. This Motion was denied in January 2011. Consequently, the only remaining claims pending before this Court are as follows: (1) the FLSA collective action for alleged violations of the minimum and overtime wage requirements; (2) the five state claims asserted by the these Named Plaintiffs; and (3) the counterclaim for breach of contract arising out of the Independent Agreements executed by the parties against approximately 593 opt-in Plaintiffs.

As this Court is keenly aware, this action was vigorously litigated by the Parties. Both parties engaged in extensive written discovery. The parties took in excess of 20 depositions in three different states. Both parties retained experts, exchanged reports and conducted lengthy expert depositions. Because of logistical issues related to multi-state complex litigation associated with the claims, class size and data involved, the parties were required to hire multiple attorneys nationwide. The parties filed a combined total of five summary judgment Motions before this case was finally settled on the eve of trial. As noted by the Court in other occasions, the parties fundamentally disagreed on a number of material issues having crucial legal repercussions in this case: (1) whether Plaintiffs were employees or Independent Contractors; (2) if so, the identity of the employing Defendant; (3) whether the claims by the opt-in Plaintiffs were timely under the FLSA; (4) whether Plaintiffs were owed minimum or overtime wages; (5)

---

[4] (Doc. 75, p. 18).
[5] A number of individuals who opted in voluntarily withdrew their consent or were dismissed from the lawsuit for failing to comply with discovery obligations.

Case 2:08-cv-00722-RCJ -PAL   Document 529   Filed 05/01/12   Page 4 of 10

Case No. 08-CV-S-722-RCJ-PAL
Joint Motion to Approve Stipulation of Settlement,
to File Stipulated Settlement Under Seal,
and Entry of Order of Dismissal

if so how much; and lastly, (6) whether Defendants were entitled to a set-off for the breach of contract claims and if so, how much. Simply stated, there was a *bona fide dispute* which the Parties opted to resolve through settlement in order to avoid the uncertainty of litigation, as fully discussed below.

## MEMORANDUM OF POINTS AND AUTHORITY

### II. The Stipulated Settlement Agreement represents a fair resolution of a *bona fide* dispute which comports with applicable case law.

#### A. Standard of Law

Claims brought under the FLSA must be settled with the supervision of either the Secretary of Labor or a district court. *See Lynn's Food Stores, Inc. v. United States, et al.*, 679 F. 2d 1350, 1352-53 (11th Cir. 1982); *see also* House Report No. 101-664. The Court must evaluate the settlement for fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n. 8, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947); and House Report No. 101-664.

When reviewing the fairness of a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute. . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1355; *see also Lee v. The Timberland Co.*, C 07-2367 JF, 2008 WL 2492295 (N.D. Cal. June 19, 2008). In approving a parties' settlement agreement, a court may balance numerous factors, including the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the extent of the discovery

4

Case 2:08-cv-00722-RCJ -PAL   Document 529   Filed 05/01/12   Page 5 of 10

Case No. 08-CV-S-722-RCJ-PAL
Joint Motion to Approve Stipulation of Settlement,
to File Stipulated Settlement Under Seal,
and Entry of Order of Dismissal

completed, the stage of the proceedings, and the experience and views of counsel. *See, e.g., Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *see also Trinh v. JPMorgan Chase & Co.*, 07-cv-01666W (WMC), 2009 WL 532556 (S.D. Cal. Mar. 3, 2009). There is a strong presumption in favor of approving a settlement reached by adverse parties. *Id.*

The FLSA allows the award of reasonable fees to a prevailing party. *Zhou v. Wang's Rest.*, C 05-0279 PVT, 2007 WL 172308 (N.D. Cal. Jan. 17, 2007). Because a court supervised settlement of FLSA overtime claims is ultimately reduced to a judgment, an award of reasonable fees is mandatory under the FLSA. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

### B. All of the Relevant Criteria Support Approval of Stipulated Settlement.

#### 1. The settlement was a result of arm-length negotiation, not fraud or collusion.

Courts have found no fraud or collusion where both parties, as they are here, were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each Party was independently represented by counsel with experience in litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights. Based on the amounts to be paid to the FLSA settling class, it is clear that there was no fraud or collusion.

#### 2. The remaining criteria set forth in *Torrisi* warrants the approval of the Parties' Settlement.

The parties who are represented by counsel and, through their respective counsel, participated in exhaustive settlement negotiations in an attempt to resolve these disputed claims.

Case No. 08-CV-S-722-RCJ-PAL
Joint Motion to Approve Stipulation of Settlement,
to File Stipulated Settlement Under Seal,
and Entry of Order of Dismissal

The parties reached a reasonable compromise of these *bona fide* disputed claims. The probability of success on the merits, the complexity, expense, and length of future litigation militate in favor of this settlement. As discussed above, the parties conducted extensive discovery before reaching this agreement. The agreement was reached at the latter stages of litigation when the Parties were fully able to make a reasonable and educated evaluation of the strengths and weaknesses of their respective positions as reflected by the actual evidence. *Carter v. Anderson merchandisers, LP,* EDCV 08-0025-VAP OPX, 2010 WL 1946784 (C.D. Cal. May 11, 2010 (*citing Linney v. Cellular Alaska P'ship,* 151 F.3d 1234, 1239 (9th Cir. 1998)). If the Parties continued to litigate this matter, they would be forced to engage in costly litigation with uncertain outcome for both parties.

The continued litigation, under these circumstances, would have been detrimental for either party and would have resulted in the unnecessary expenditure of fees and costs. In fact, such litigation even in successful by Plaintiffs or the Defendants may have resulted in the entry of a Judgment which could not be collected. The resolution of the matter provides certainty for each Party as to the outcome of this case. This settlement; therefore, is a reasonable means for all Parties to minimize future risks and litigation costs. Finally, counsel for Plaintiffs and Defendants are experienced in labor and employment law and in their respective views, the proposed settlement is fair and reasonable given the facts and circumstances involved in this case.

Therefore, because the above referenced settlement reflects a fair and reasonable resolution of a *bona fide* dispute over amounts allegedly owed pursuant to the FLSA and was negotiated by and through counsel, the parties respectfully request that this Court enter and

Case 2:08-cv-00722-RCJ -PAL   Document 529   Filed 05/01/12   Page 7 of 10

Case No. 08-CV-S-722-RCJ-PAL
Joint Motion to Approve Stipulation of Settlement,
to File Stipulated Settlement Under Seal,
and Entry of Order of Dismissal

Order of Dismissal with authorizes settlement with respect to the Named Plaintiffs, the Settlement class and dismisses the Fourth Amended Complaint in its entirety.

### C. Attorneys' Fees are Reasonable.

The Parties agree that Plaintiffs are prevailing parties and are entitled to reasonable fees. The Parties also agree that the costs and fees designated by Plaintiffs are reasonable and have been efficiently and effectively expended in the resolution of this case.[6] Likewise, the amount of fees was agreed upon separate from and without regard to the amounts paid to the Settling Class to settle the FLSA claims. Under these circumstances, courts will approve the settlement without separately considering the reasonableness of the fees to be paid to plaintiffs' counsel. *Bonnetti v. Embarq Co.*, 2009 WL 2371407 (M.D.Fla. Aug. 4, 2009). Consequently, the Motion should be approved.

### III.   This Court should grant the Parties' Motion to File Under Seal.

### A. Legal Standard

While federal courts recognize a general right of public access to judicial documents, access to judicial records is not absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). District courts have discretionary power to determine whether records and files should be sealed, provided the appropriate reason is given for the protection. *Folz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

The Ninth Circuit has held that a party can rebut this presumption of public access by making a showing of "good cause" to justify an order of confidentiality for documents attached to non-dispositive motions. *See Phillips v. Gen. Motors Corp.*, 307. F.3d 1206, 1210 (9th Cir.

---

[6] Plaintiff's counsel has spent twice the amount in fees and costs as that agreed by the Parties. Contemporaneous time records and accounting figures will be supplied to the Court if needed, or brought to the hearing if a hearing is held, to support this motion.

7

Case No. 08-CV-S-722-RCJ-PAL
Joint Motion to Approve Stipulation of Settlement,
to File Stipulated Settlement Under Seal,
and Entry of Order of Dismissal

2002). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1210-11. Where it is shown that particularized harm "will result from disclosure of information to the public," then the court "balances the public and private interests to decide whether a protective order is necessary." *Id.* at 1211. In considering whether to seal documents associated with settlement agreements, courts recognize that "strong public policy favoring settlement of disputed claims dictates that confidentially agreements regarding such settlements not be lightly abrogated." *Flynn v. Portland Gen. Elec. Corp.*, Civ. No. 88-455-FR, 1989 WL 112802, at *2 (D. Or. Sept. 21, 1989) (upholding confidentiality provision in settlement agreement to prohibit disclosure of agreement to unrelated litigants).[7]

### B. The parties have shown good cause to justify sealing their Stipulated Settlement.

The Stipulated Settlement resolves all pending claims. The litigation involves private litigants, rather than any public governmental entities, and the matters at issue are of little legitimate public interest. After months of arms-length negotiations, the parties have reached a mutually-agreeable settlement of plaintiffs' claims. One of the material terms of the settlement agreements is the confidentiality provision, which was an important component of parties' settlement. By forcing the public disclosure of the agreements, the Court will deprive the parties of the benefit of their bargain.

---

[7] The "good cause" standard is applied to documents attached to non-dispositive motions. A higher standard applies to dispositive motions, like motions for summary judgment. Courts in this circuit have required that "compelling reasons" must be shown to seal judicial records attached to dispositive motion." *Kamakana*, 447 F.3d at 1179. In such circumstances, "[i]f the district court conscientiously balances the competing interests and articulates compelling reasons supported by specific factual findings, its decision will be reviewed only for an abuse of discretion." *Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003). Here, although the parties believe that the higher standard does not apply, they submit that they have also met their burden under the higher standard as well.

Case No. 08-CV-S-722-RCJ-PAL
Joint Motion to Approve Stipulation of Settlement,
to File Stipulated Settlement Under Seal,
and Entry of Order of Dismissal

In *In re Franklin National Bank Securities Litigation*, 92 F.R.D. 468 (E.D.N.Y. 1981), *aff'd sub nom. FDIC v. Ernst & Ernst*, 677 F.2d 230 (2d Cir. 1982), a public interest group attempted to set aside a confidentiality order that preserved the confidentiality of a settlement of a multidistrict litigation relating to the insolvency of a large bank. In refusing to lift the confidentiality order, the district court emphasized the public interest involved in resolving the dispute short of trial, and that "[w]ithout secrecy of the terms, a settlement would not have been consummated." *In re Franklin Nat'l Bank Sec. Litig.*, 92 F.R.D. at 471-72. The district court noted that "[s]ecrecy of settlement terms under such conditions is a well-established American litigation practice." *Id.* at 472. The district court had issued the sealing order after weighing "the public interest in disclosure against the private and public interests that would be furthered by resolution of the matter without further litigation." *Id.* It thus concluded that sealing the settlement agreement was appropriate, given "the strong public policy favoring settlement of disputes, particularly in complicated cases and the importance of the stability of judgments and settlements." *Id.* The same public policy weighs in favor of the maintaining the confidentiality of the parties' settlement agreements in this action as well.

Moreover, a district court sealed the settlement agreement in an earlier action against defendant based upon the same type of confidentiality provision. In *Priebe v. Home Depot U.S.A., Inc.*, Case No. 1:01-cv-2051-LW (N.D. Ohio), a FLSA case brought against Home Depot several years ago that plaintiffs referenced in previous filings, the parties jointly moved to file their settlement agreement under seal based on the fact that the parties had negotiated a confidentiality provision as a material condition of settlement. *Priebe*, Docket No. 56. The district court granted the motion and allowed the settlement agreement to be filed under seal, thus preserving the confidentiality of the settlement. *Id.* at unnumbered docket entry dated Dec.

Case 2:08-cv-00722-RCJ -PAL   Document 529   Filed 05/01/12   Page 10 of 10

Case No. 08-CV-S-722-RCJ-PAL
Joint Motion to Approve Stipulation of Settlement,
to File Stipulated Settlement Under Seal,
and Entry of Order of Dismissal

26, 2002. This Court should similarly honor the confidentiality provision negotiated by the parties here and grant the parties' join motion to seal their settlement agreements.[8]

### CONCLUSION

For the reasons discussed above, the Parties request this Court to grant this Motion.

DATED this 1st day of May, 2012.

Respectfully submitted,

By: /s/Jason J. Thompson
JASON J. THOMPSON
Sommers Schwartz, P.C.
2000 Town Center
Southfield, MI 48075
*Admitted pro hac vice*
**Attorney for Plaintiff Class**

By: /s/ Myrna L. Maysonet
RICHARD W. EPSTEIN
(*Admitted pro hac vice*,
Florida Bar No.:0229091)
MYRNA L. MAYSONET
(*Admitted pro hac vice*,
Florida Bar No.: 0429650)
Greenspoon Marder, P.A.
201 E. Pine Street, Suite 500
Orlando, FL 32801
**Attorneys for Defendants**

---

[8] The parties are aware of at least two district courts that have unsealed settlement agreements after approving such agreements under the FLSA. However, these cases are distinguishable. *See Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 609 (E.D. Va. 1999). First, it does not appear that the parties in *Stalnaker* made any showing the confidentiality was a material term in their settlement, as the parties have here. Second, *Boone* involved a government defendant, thereby creating a greater public interest in accessing the settlement agreements than is presented here. *Boone*, 79F. Supp. 2d at 608; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978) (the right of access is especially important when sought "to keep a watchful eye on the workings of public agencies") Finally, the court in *Boone* relied, at least in part, on Virginia common law as a basis for unsealing the document, a concern also not present here. *See Boone*, 79 F. Supp. 2d at 609.