**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS DAVIS III, RICK BRUNTON, LOIS TIGER and EMMANUEL WIEST individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC., WESTGATE RESORTS INC., WESTGATE RESORTS LTD., CFI SALES & MARKETING, LTD., CFI SALES & MARKETING, LLC., CFI SALES & MARKETING, INC., and "John Doe" entities 1 to 25, name and number unknown,<br><br>Defendants. | Case No. 2:08-CV-00722-RCJ-PAL<br><br>ORDER GRANTING FINAL APPROVAL TO THE PARTIES' NEGOTIATED SETTLEMENT AGREEMENT |

**THIS CAUSE** having come before the Court upon the Parties' Joint Status Report in accordance to this Court's April 12, 2013 fairness hearing and being otherwise fully advised in the premises, it is hereupon,

**ORDERED AND ADJUDGED**

a. The parties' Stipulated Settlement Agreement ("Agreement")—filed under seal—is *APPROVED* as a fair and reasonable resolution of a "*bona fide dispute*" in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350(11th Cir. 1982);

b. The parties shall comply with all the terms of the Agreement;

1

*Davis et al. v. Westgate Resorts, Inc. et al.*
Proposed Order Granting Final Approval
to the Parties' Negotiated Settlement Agreement
Case No. 08-CV-S-722-RCJ-PAL

c. The Fair Labor Standard Act's claims ("FLSA claims") of Lois Tiger and Thomas Davis III ("Named Plaintiffs") and the Opt-in Plaintiffs who did not elect to withdraw their joinder in this action (either by way of withdrawing their previously-filed consent to join, or "opting-out" of the settlement) (collectively the "FLSA settlement class") are *dismissed with prejudice* in accordance with the terms of the Agreement;

d. Ernie Cummings and Mark D. Bishop will remain as a part of the FLSA settlement class and their FLSA claims will be *dismissed with prejudice* in accordance with section (c) of this Order.

e. The FLSA claims of Bernard Bryan, Mateo Colom, Richie Waddell, Aiman Hussein, Cythina Morris, Walter Scott, Martha Mendez and Kurt Meyer ("non-Opt-in Plaintiffs") are *dismissed without prejudice.* The statute of limitations is tolled on these non-Opt-in Plaintiffs FLSA's claims for 120 days from the date of this Court's Order.

f. Plaintiffs' counsel shall alert the non-Opt-in Plaintiffs listed in subsection (e) of this Order (using reasonable means with the contact information available to Plaintiffs' counsel) that they must re-file their FLSA claims within 120 days, or their FLSA claims may be subsequently barred by the FLSA's statute of limitations;

g. Plaintiffs' counsel is relieved from further representation of any of the non-Opt-in Plaintiffs listed in subsection (e) of this Order;

h. Defendants' counterclaims for breach of contract against the Opt-in Plaintiffs, including but not limited to, those listed in section (e) of the Order, are *dismissed without prejudice*. The statute of limitation is tolled on Defendants' counterclaim for breach of contract for 120 days from the date of this Order.

*Davis et al. v. Westgate Resorts, Inc. et al.*
Proposed Order Granting Final Approval
to the Parties' Negotiated Settlement Agreement
Case No. 08-CV-S-722-RCJ-PAL

i. This Court reserves jurisdiction over the Agreement;

j. The clerk of the court shall enter a judgment consistent with this Order and shall close this file.

IT IS SO ORDERED. this 29th day of August, 2013.

_____
Honorable Chief Judge Robert C. Jones
Chief Judge