The Honorable Robert C. Jones      Re: Case #  2:08-cv-00722-RCJ-PAL      04/01/2014
United States District Court

Dear Judge Jones,

I am contacting you in regard to FLSA case *Davis, et al. vs  CFI and Westgate Resorts*.  As one of the FLSA class members who is currently being retaliated against for my participation in that suit, I wanted to point out a few things and hopefully get some clarification on some issues if possible.  Any response to this letter that sheds light on how to make sense out of what has and is occurring and how to attain justice would be greatly appreciated.

I have just recently become aware of and researched many of the documents and details of this case.  Realizing that this was a long and tedious case for all those involved, I am sure your Honor had hoped to put it far behind him. It appears, though, that with all the legal sparring and case law dueling , common sense and logic may have been lost in the process.  And now, the actions of the Defendant (now Plaintiff) are in apparent disregard for what they previously pled in this case, they have disregarded your rationale, and I believe they are making a mockery out of this FLSA case.

My concerns for the most part are regarding the counterclaims by the Defendants which were allowed by the Court and the ramifications of that decision on many people.  As I read your Order filed 9/18/09 (Doc. 248), it seems as though you made a stronger argument for denying the counterclaim.  In addition, I have found considerable case law from before and after your decision which supports the dismissal. (#1)

I feel that the following is the biggest injustice in this case.  The Defendants (CFI) asserted that their breach of contract claim is a compulsory counterclaim for recoupment and therefore the statute of limitations has been tolled, while Plaintiffs argue that Defendants' claim is a permissive counterclaim for a set-off and, therefore, the statute of limitations applies.  (#2)

The result is that CFI is filing it's new lawsuits , based on the tolling of the SOL, far after the SOL has expired in many cases and should by law not be allowed due to there being "permissive counterclaims." So, it would appear that, by essentially being treated by the Court as if they were "compulsory counterclaims", the defendant's filing of unsupported counterclaims served the purpose of circumventing SOL laws and allowing CFI to continue and escalate the harassing and retaliatory claims against a "protected" class of individuals.

I am facing a retaliatory breach of contract suit 7 years after my contract ended. And what proof did CFI provide in 2009 which details or supports  their breach claim and damages??  Was it not a huge <u>Red Flag</u> when the Defendant claimed that each and <u>every one</u> of the Plaintiffs owes CFI money ( all 700 or so) but was unable to give any specific proof?  What about the depositions of John Willman (Appendix Ex. 30) in which he agrees that "Westgate does not know whether a particular counter-defendant in fact, owes excess any unearned commissions.."  And he also agreed that Westgate had not, at the time of the countersuit ( Oct.16, 2009) conducted a calculation for each and every counter-defendant named in the lawsuit and that "Westgate specifically does not have knowledge of whether or not a salesperson that's part of this lawsuit, if the account specifically has matured to a point where they have a reserve balance..."

·The Honorable Robert C. Jones    Re: Case #  2:08-cv-00722-RCJ-PAL    04/01/2014
United States District Court

### Appendix

*(#1) Wilhelm*, 2008 WL 640733, at *3, and *Kirby v. Tafco Emerald Coast Inc.*, No. 3:05CV341, 2006 WL 228880 (N.D. Fla. Jan. 30, 2006), provide strong support for dismissing counterclaims. In both cases, defendants responded to plaintiffs' FLSA minimum wage and overtime claims with counterclaims based on state law: breach of fiduciary duty, breach of the duty of loyalty, and misappropriation of trade secrets in *Wilhelm*, and breach of contract and non-payment of a promissory note in *Kirby*. *Wilhelm*, 2008 WL 640733, at *1; *Kirby*, 2006 WL 228880, at *1. In both cases, the courts granted plaintiffs' motion to dismiss defendants'

And, as I am sure you are aware that the legal trend to dismiss breach of contract counterclaims has continued. In two cases decided in 2010, the Fifth Circuit reiterated that FLSA actions are not appropriate means for an employer to recover monies allegedly owed by the employee, <u>whether the attempt to do so is by counterclaim or setoff</u>. In one case, *Gagnon v. United Technisource Inc.*, 607 F.3d 1036 (5th Cir. 2010), the employer attempted to offset the employee's damages by filing a counterclaim against the employee for breach of contract. The Fifth Circuit held that FLSA actions are not the appropriate forum for counterclaims by the employer.

*(#2)* Federal Rule of Civil Procedure 13(a) "defines a compulsory counterclaim as any claim that `arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." "A `set-off' is a legal term of art which refers to a counterclaim demand, arising out of a transaction extrinsic to plaintiff's cause of action. A recoupment, on the other hand, is a claim arising out of the same transaction between the same parties." S. Broad. Grp. v. Gem Broad., Inc., 145 F.Supp.2d 1316, 1331 n.9 (M.D. Fla. 2001); see also Howard Johnson, Inc. of Fla. v. Tucker, 157 F.2d 959, 961 (5th Cir. 1946) ("Recoupment is the act of rebating or recouping a part of a claim upon which one is sued by means of a legal or equitable right resulting from a counterclaim arising out of the same transaction. It differs from a setoff, in that [a] setoff is a counter demand which a defendant holds against a plaintiff arising out of a transaction extrinsic of plaintiff's cause of action." (internal citation and quotation omitted)). In other words, a recoupment claim is more akin to an affirmative defense and is a compulsory counterclaim, while a set-off claim is a permissive counterclaim.

This distinction is important because "the defense of recoupment may be asserted even though the underlying claim is barred by the applicable statute of limitations as an independent cause of action," Allie v. Ionata, 503 So.2d 1237, 1239 (Fla. 1987), whereas a "permissive counterclaim," such as that for a set-off, "will be barred if it is filed beyond the statute of limitations," Smith v. Fla. Dep't of Corr., 27 So.3d 124, 127 (Fla. 1st DCA 2010); Callaway Land & Cattle Co. v. Banyon Lakes C. Corp., 831 So.2d 204, 207 (Fla. 4th DCA 2002).

Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985) (quoting Fed. R. Civ. P. 13(a)). To help with this determination, the Eleventh Circuit employs the "logical relationship test." Id. "Under this test, there is a logical relationship when `the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" Id. (quoting Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1361 (5th Cir.1979)).   And, Defendants' counterclaim fails the logical relationship test.

Mark Lundeen
1530 New Amsterdam
Orlando FL 32818

Bruce R. Thompson Federal Bld. + US Courthouse
U.S. District Court - District of Nevada - Reno
400 S. Virginia Street
Reno, NV 89501
Attn. Judge Robert C. Jones